UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PIERRE RHODAN, on behalf of himself and others similarly situated,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>JOB OPTIONS, INC. et al.,<br><br>　　　　　　　　　　　　Defendants. | Case No.:　19-CV-1141-CAB-BGS<br><br>**ORDER GRANTING MOTION TO REMAND**<br><br>[Doc. No. 9] |

This matter is before the Court on Plaintiff's motion to remand. The motion has been fully briefed, and the Court deems it suitable for submission without oral argument. For the following reasons, the motion is granted, and this case is remanded to San Diego County Superior Court.

## I.　Background

On November 29, 2018, Plaintiff filed a complaint in San Diego County Superior Court asserting one claim against Defendant Job Options, Inc. ("JOI"), whom the complaint alleged was Plaintiff's employer, for failure to provide access to employee personnel records as required by the California Labor Code. [Doc. No. 1-2.] JOI was personally served with the complaint on December 3, 2018.

1

1    Plaintiff subsequently amended the complaint to add several individuals as
2  defendants [Doc. No. 1-3], and again to assert numerous wage and hour violation claims
3  under California law, including a claim under California's Private Attorney General Act,
4  and a claim under California's Unfair Competition Law [Doc. No. 1-4].  Neither the
5  original complaint nor the operative first amended complaint ("FAC") included an
6  allegation as to the physical location where Plaintiff worked for JOI.  On April 26, 2019,
7  Defendants demurred to Plaintiff's FAC in state court.  [Doc. No. 9-2.]

8    On May 21, 2019, while the demurrer was pending, Plaintiff sought leave from the
9  state court to file a second amended complaint ("SAC").  [Doc. No. 1-5.]  The proposed
10 SAC attached to Plaintiff's application added, among other things, an allegation that
11 Defendants had assigned Plaintiff "to work at the Camp Pendleton MCB Commissary as a
12 Shelf Stocker."  [Doc. No. 1-5 at 28.]  The state court denied Plaintiff's application to file
13 the SAC on May 22, 2019.  [Doc. No. 9-2 at 4.]  On May 24, 2019, Plaintiff filed an
14 opposition to the demurrer [Doc. No. 1-6 at 145], and on May 31, 2019, Defendants filed
15 their reply in support of their demurrer [Doc. No. 1-6 at 197].  On June 7, 2019, the state
16 court overruled Defendants' demurrer.  [Doc. No. 1-6 at 222.]

17   On June 17, 2019, ten days after losing their demurrer, Defendants removed the case
18 to federal court, alleging subject matter jurisdiction on the basis of a federal question
19 because Camp Pendleton is a federal enclave.  On July 17, 2019, Plaintiff filed his motion
20 to remand.

21   **II.    Discussion**

22   Plaintiff makes three arguments for remand: (1) removal was untimely; (2)
23 Defendants waived their right to remove; and (3) lack of federal question jurisdiction.
24 Because the first two grounds for remand have merit, the Court need not address whether
25 Defendants demonstrated the existence of subject matter jurisdiction based on Plaintiff's
26 employment at a federal enclave.

19-CV-1141-CAB-BGS

## A. Timeliness of Removal

Defendants contend that this Court has federal question jurisdiction because Plaintiff's claims concern his employment at Camp Pendleton, which is a federal enclave. For the purposes of this opinion, the Court assumes that subject matter jurisdiction on the basis of a federal question exists on that ground. *See generally Jamil v. Workforce Res., LLC*, No. 18-CV-27-JLS (NLS), 2018 WL 2298119, at \*4 (S.D. Cal. May 21, 2018) (holding that federal question jurisdiction based on the federal enclave doctrine existed for the plaintiff's wage and hour claims stemming from work performed at Camp Pendleton).

Defendants contend that their removal on this ground was timely because it was made within thirty days of Plaintiff's allegation in the proposed SAC filed on May 21, 2019, that he worked at Camp Pendleton. The applicable removal statute states that:

> **(b) Requirements; generally. –(1)** The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> . . .
>
> **(3)** Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b). The 30-day time limit "is mandatory and a timely objection to a late petition will defeat removal. . . ." *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1980).

"[T]he ground for removal must be revealed affirmatively in the initial pleading in order for the first thirty-day clock under § 1446(b) to begin." *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 695 (9th Cir. 2005). "[A] defendant does not have a duty of inquiry if the initial pleading or other document is 'indeterminate' with respect to removability."

*Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013) (citing *Harris*, 425 F.3d at 693–94). Defendants are not charged "with notice of removability until [they have] received a paper that gives them enough information to remove." *Kenny v. Wal-Mart Stores, Inc.*, 881 F.3d 786, 791 (9th Cir. 2018) (citation omitted). At the same time, "a defendant is required 'to apply a reasonable amount of intelligence in ascertaining removability.'" *Garcia v. Wal-Mart Stores Inc.*, 207 F. Supp. 3d 1114, 1129–30 (C.D. Cal. 2016) (quoting *Kuxhausen v. BMW Fin. Servs. NA, LLC*, 707 F.3d 1136, 1140 (9th Cir. 2013)). "A defendant should not be able to ignore pleadings or other documents from which removability may be ascertained and seek removal only when it becomes strategically advantageous for it to do so." *Roth*, 720 F.3d at 1125.

Here, Defendants argue that the original complaint and FAC did not trigger the first 30-day time limit because they did not contain an allegation that Plaintiff worked at Camp Pendleton. Further, according to Defendants the second 30-day time limit in §1446(b)(3) was not triggered until Plaintiff served the proposed SAC containing an allegation that Plaintiff worked at Camp Pendleton. The proposed SAC, however, was not the first document from this litigation indicating that Plaintiff worked at Camp Pendleton. Putting aside the fact that Defendants, as Plaintiff's employer, presumably knew all along that Plaintiff worked at Camp Pendleton, documents Defendants produced to Plaintiff more than thirty days prior to the notice of removal indicate that Plaintiff worked there. [Doc. No. 9-2 at 25.] These documents were produced in response to requests that included the following: "All DOCUMENTS evidencing PLAINTIFF'S work locations during PLAINTIFF'S employment for YOU." [Doc. No. 9-2 at 18.][1] Defendants claim that these documents are not "other papers" under §1446(b)(3) because JOI produced them, but §1446(b)(3) contains no requirement that "other papers" be received from or produced by

---

[1] In addition, on April 15, 2019, Plaintiff served document requests on Defendants asking for "all agreements between YOU and the Defense Commissary Agency concerning the management and control of CLASS MEMBERS during the CLASS PERIOD." [Doc. No. 9-2 at 32.]

4

the plaintiff. Rather, it states that the 30-day clock starts "after receipt by the defendant, through service or otherwise, of a copy of an . . . other paper." 28 U.S.C. § 1446(b)(3). At a minimum, Defendants here were in receipt of the documents they produced to Plaintiff when they located those documents in their own files and produced them to Plaintiff in accordance with their discovery obligations in this case.

Although Defendants may not have had a duty to search their own records upon receipt of the complaint to determine removability, *see Kenny*, 881 F.3d at 791, and even if their subjective knowledge that Plaintiff worked at Camp Pendleton did not trigger the 30-day time limit for removal, *see Roth*, 720 F.3d at 1125, they cannot "ignore" documents they produced in the litigation itself that demonstrate removability. *See id.* Accordingly, because at a minimum, the 30-day clock of §1446(b)(3) was triggered more than thirty days before removal, removal was untimely.

### B. Waiver

Even if removal was timely, Defendants waived their right to remove by proceeding through adjudication of their demurrer in state court before filing the notice of removal. "A party, generally the defendant, may waive the right to remove to federal court where, after it is apparent that the case is removable, the defendant takes actions in state court that manifest his or her intent to have the matter adjudicated there, and to abandon his or her right to a federal forum." *Resolution Tr. Corp. v. Bayside Developers*, 43 F.3d 1230, 1240 (9th Cir. 1994), *as amended* (Jan. 20, 1995). The waiver must be "clear and unequivocal," and "the right of removal is not lost by action in the state court short of proceeding to an adjudication on the merits." *Id.* (quoting *Beighley v. FDIC*, 868 F.2d 776, 781 (5th Cir. 1989)).

Defendants argue that their filing of a demurrer in state court did not constitute a waiver of their right to remove because the case did not become removable until Plaintiff filed the proposed SAC on May 21, 2019. Accepting Defendants' premise that the case did not become removable until May 21, 2019, the filing of a demurrer before that date did not constitute a waiver. The inquiry does not end there, however. Defendants did not

5

merely file a demurrer, they saw it through to final adjudication by the state court even when, by their own admission, they knew the case to be removable. Defendants could have removed this case any time between May 21, 2019 and June 6, 2019, before the state court ruled on their motion. Instead, they continued to prosecute their demurrer, filing their reply on May 31, 2019, which reiterated their request that the FAC be dismissed with prejudice [Doc. No. 1-6 at 210], and then waiting until the state court ruled on the demurrer before filing their notice of removal. In other words, Defendants hoped to obtain an adjudication on the merits in state court,[2] and only when that effort was unsuccessful did they file their notice of removal. By choosing to file a reply to their demurrer and await the state court's decision instead of filing a notice of removal, Defendants made a clear and unequivocal waiver of their right to remove. *Compare Kenny*, 881 F.3d at 791 (finding that where the defendant had filed a demurrer, the fact that it removed the case before an opposition was filed "and before any hearing was held, let alone any ruling issued," demonstrated that the defendant did not waive its right to remove); *and Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP*, 365 F.3d 1244, 1247 (11th Cir. 2004) (holding no waiver where the defendant, despite filing a motion to dismiss did not schedule a hearing and the state court had not ruled on the motion); *cf. City of Albuquerque v. Soto Enterprises, Inc.,* 864 F.3d 1089, 1099 (10th Cir. 2017) ("[W]hen a defendant files a motion to dismiss seeking disposition, in whole or in part, on the merits in state court before removing the case to federal court, it manifests a 'clear and unequivocal' intent to submit the case to the state court's jurisdiction, and thus waives removal."). Accordingly, the motion to remand is granted on this ground as well.

---

[2] *Cf. Hammler v. Davis*, No. 214CV2073MCEACP, 2016 WL 336193, at *2 (E.D. Cal. Jan. 28, 2016)*, report and recommendation adopted,* No. 214CV2073MCEACP, 2016 WL 8731359 (E.D. Cal. Mar. 4, 2016) ("The sustaining of a demurrer may be construed as an adjudication on the merits for purposes of res judicata.").

19-CV-1141-CAB-BGS

## III. Conclusion

Defendants, as Plaintiff's employer, presumably knew that Plaintiff worked at Camp Pendleton when the original complaint was filed. Yet, Defendants did not seek to remove this action upon service of the original complaint or FAC. Defendants then produced documents, in response to document requests from Plaintiff, indicating that Plaintiff worked at Camp Pendleton. Again, Defendants did not seek to remove this action. Then Plaintiff explicitly alleged in the proposed SAC that he worked at Camp Pendleton, and instead of filing a notice of removal at that time, Defendants filed a reply to their previously filed demurrer ten days later, and waited another week for the state court to rule on their motion. Then, only after the state court overruled their demurrer did Defendants finally file a notice of removal. Because Defendants were in receipt of documents produced in response to discovery in this litigation that indicate that Plaintiff worked in a federal enclave more than thirty days before filing their notice of removal, their removal was untimely under 28 U.S.C. § 1446(b)(3). Further, by filing a reply brief and waiting until after the state court had overruled their demurrer before filing their notice of removal, when by their own admission the grounds for removal arose weeks before the state court's decision, Defendants waived their right to remove. Accordingly, because removal was untimely and/or waived, the motion to remand is **GRANTED**, and this case is **REMANDED** to San Diego County Superior Court. Plaintiff's request for costs and expenses pursuant to 28 U.S.C. § 1447(c) is **DENIED** because Defendants had an objectively reasonable basis for removal. *See Martin v. Franklin Capital Corp.,* 546 U.S. 132, 136 (2005) ("[A]bsent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal.").

It is **SO ORDERED**.

Dated: August 19, 2019

Hon. Cathy Ann Bencivengo
United States District Judge

19-CV-1141-CAB-BGS